# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ERIC BROWN,<br><br>    Defendant. | No. 17-CR-3032-LTS<br><br>**ORDER** |

This matter is before the Court on Eric Brown's ("defendant") Motion for Order of Transfer to State Custody Pending Disposition of Federal Charge. (Doc. 21). The government timely filed a resistance. (Doc. 23). For the following reasons, defendant's motion is **denied**.

## I. PROCEDURAL AND FACTUAL HISTORY

On August 8, 2017, defendant was indicted by a federal grand jury in the Northern District of Iowa. (Doc. 2). At the time of his indictment, defendant was in the custody of the Iowa Department of Corrections at the North Central Correctional Facility and was serving his state sentence of imprisonment. (Doc. 21, at 1). Also on August 8, 2017, this Court granted the government's application for writ of habeas corpus and ordered defendant to be retained in federal custody pending final disposition of the federal charges. (Doc. 4).

On September 28, 2017, defendant pled guilty to Count Two of the Indictment, and the District Court accepted defendant's guilty plea. (*See* Docs. 16-17, 20). On November 21, 2017, defendant filed the instant motion, requesting that he be transferred to state custody pending his sentencing in the instant case. (Doc. 21). In support of his

motion, defendant states that if he remains in federal custody, defendant "would not be able to immediately continue his rehabilitative efforts at the North Central Correctional Facility." (Doc. 21, at 2). Defendant further asserts that it would be in his best interest and in the interest of justice to return him to state custody pending final disposition of the instant case. (*Id.*). Pursuant to this request, defendant has waived his rights under the Interstate Agreement on Detainers and his right to speedy disposition of the instant case. (Doc. 21-1).

The government advances four arguments in opposition to defendant's motion. First, the government argues that were the Court to grant defendant's motion, the United States Marshals Service ("USMS") would have to file a new detainer on defendant to ensure he would not be released from state custody prior to his federal sentencing hearing. (Doc. 23, at 2). Second, the government asserts that the USMS would incur the responsibility of transporting defendant to and from the North Central Correctional Center for each of defendant's federal hearings. (*Id.*). This would, in turn, require the government to file additional writs for the USMS to transfer defendant to federal custody, and defendant's hearings would have to be scheduled far enough in advance to enable the USMS to comply with said writs. (*Id.*). Third, the United States Probation Office ("USPO") must interview defendant in person to complete defendant's presentence investigation report. Transferring defendant to state custody, the government argues, would cause the USPO greater difficulty in meeting its obligation to interview defendant in person for purposes of completing the presentence investigation report. (*Id.*). Finally, the government argues that transferring defendant to and from federal custody could unnecessarily complicate the calculation of how much time defendant has spent in federal custody, which could result in defendant being granted either too much or too little federal and/or state credit. (*Id.*, at 2-3).

## II. DISCUSSION

The Constitution does not guarantee that a convicted prisoner will be placed in a specific prison, nor does a convicted prisoner have a right to be transferred to a facility of his choosing. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Oleson v. Bureau of Prisons*, Civ. No. 09-5706 (NLH), 2012 WL 6697274, at *8 (D.N.J. Dec. 21, 2012). Further, "an inmate has no justifiable expectation that he will be incarcerated in any particular prison." *Olim v. Kaahanui*, 461 U.S. 238, 245 (1983).

The government argues that transferring defendant to the North Central Correctional Facility would create significant administrative burdens for itself, the USMS, and the USPO. The Court agrees. Transferring defendant to state custody would unnecessarily burden the USMS by tasking the USMS with transporting defendant to and from the North Central Correctional Facility for each of defendant's federal hearings. Were the Court to grant defendant's motion, the government would be required to file a new detainer and apply for additional writs of habeas corpus, which would further burden the government unnecessarily. Finally, the Court agrees that the USPO would be burdened because the USPO would either be required to travel to the North Central Correctional Facility to interview defendant, or arrange for defendant to be transferred back to federal custody for his presentence investigation interview. Either scenario would place additional burdens on the USPO.

In contrast, defendant would not be substantially burdened by remaining in federal custody. As noted above, defendant does not have the right to be placed in the prison of his choice. He is properly in federal custody pursuant to a writ of habeas corpus issued by this Court. The Court notes that Section 903A.5(2) of the Iowa Code provides that "an inmate may receive credit upon the inmate's sentence while incarcerated in an institution or jail of another jurisdiction during any period of time the person is receiving

credit upon a sentence of that other jurisdiction." Although the Court does not purport to indicate that defendant will receive any state credit for the time he spends in federal custody, it should at least be noted that he is not *precluded* from receiving credit by remaining in federal custody.

The Court finds that transferring defendant to the North Central Correctional Facility would create an unnecessary administrative burden that outweighs any potential benefit defendant may receive from being temporarily transferred back to state custody.

### III. CONCLUSION

For the foregoing reasons, defendant's Motion for Order of Transfer to State Custody Pending Disposition of Federal Charge (Doc. 21) is **denied**. The Court orders that defendant remain in federal custody pending final disposition of this case.

**IT IS SO ORDERED** this 29th day of November, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa